IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE MC-1,

       Plaintiff,                      Case No. 2:20-CV-10568

v.                                   HON. PAUL D. BORMAN
                                   HON. ELIZABETH A. STAFFORD
THE UNIVERSITY OF
MICHIGAN, THE REGENTS
OF THE UNIVERSITY OF
MICHIGAN (official capacity only)

       Defendants.
_____/

**THE UNIVERSITY'S RESPONSE TO
PLAINTIFF'S EMERGENCY MOTION**

## COUNTERSTATEMENT OF ISSUE PRESENTED

Plaintiff's counsel has filed nearly 50 cases on behalf of different clients in this District alone.  More cases from other survivors are still to come.  This State is under public-health emergency orders.  Yet Plaintiff seeks to depose a witness in this case—with whom counsel has not spoken—in two weeks' time, all before the University's motion to dismiss is resolved and before either a discovery conference or any court conference has been had.  Under these circumstances,

Has Plaintiff's counsel shown the good cause necessary to issue a deposition subpoena to Mr. Easthope?

Plaintiff answers:                    Yes

The University answers:            No

This Court should answer:         No

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 26(d)

*Gen. Ret. Sys. of the City of Detroit v. Onyx Capital Advisors, LLC*, 2010 WL 2231885 (E.D. Mich. June 4, 2010)

*Lashuay v. Delilne*, 2018 WL 317856 (E.D. Mich. Jan. 8, 2018)

*Edmo v. Idaho Dep't of Correction*, No. 1:17-CV-00151-BLW, 2020 WL 1907560, at *2 (D. Idaho Apr. 17, 2020)

*Manual on Complex Litigation* (4th ed.) § 11:1

# TABLE OF CONTENTS

Introduction ...................................................................................................1

Background ...................................................................................................4

    A.   Factual Background ...............................................................4

    B.   Efforts to consolidate the complaints and requests for early depositions .4

    C.   Current Procedural Posture ......................................................7

Legal Standard .............................................................................................8

Argument......................................................................................................10

  I.  Plaintiff lacks good cause for a deposition within 14 days from a court order granting the motion. .......................................................................10

  II. The COVID-19 pandemic makes it particularly inappropriate to rush to depose Mr. Easthope.....................................................................16

  III.The parties should proceed with a case management conference and there determine when Mr. Easthope's deposition should go forward. ...................18

Conclusion ....................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

## <u>Cases</u>

*Blankenship v. Superior Controls, Inc.*,
  2014 WL 12659919 (E.D. Mich. Oct. 2, 2014)................................................. 18

*Bug Juice Brands, Inc. v. Great Lakes Bottling Co.*,
  2010 WL 1418032 (W.D. Mich. Apr. 6, 2010)..................................................... 9

*Cashland Inc. v. Cashland Inc.*,
  2016 WL 6916776,n.4 (W.D. Okla. Jan. 14, 2016) ........................................... 12

*Doe 1 v. Miles*,
  2019 WL 201567 (D. Utah Jan. 15, 2019) ......................................................... 12

*Edmo v. Idaho Dep't of Correction*,
  2020 WL 1907560 (D. Idaho Apr. 17, 2020)..................................................... 17

*Gen. Ret. Sys. of the City of Detroit v. Onyx Capital Advisors, LLC*,
  2010 WL 2231885 (E.D. Mich. June 4, 2010) ................................................ 9, 12

*In re Chiquita Brands Int'l, Inc.*,
  No. 07-CV-60821, 2015 WL 12601043 (S.D. Fla. Apr. 7, 2015) ...................... 15

*In re Town of Amenia*,
  200 F.R.D. 200 (S.D.N.Y. 2001)........................................................................ 15

*Lashuay v. Delilne*,
  2018 WL 317856 (E.D. Mich. Jan. 8, 2018) ................................................. 10, 14

*McNulty v. Reddy Ice Holdings, Inc.*,
  2010 WL 3834634 (E.D. Mich. Sept. 27, 2010) ............................................... 14

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*,
  194 F.R.D. 618 (N.D. Ill. 2000) ...................................................................... 8, 9

*Michael v. Estate of Kovarbasich by & Through Marano*,
  2015 WL 13757325 (N.D.W. Va. Apr. 10, 2015)......................................... 12, 16

*Nair v. Oakland Cty. Community Mental Health Auth.*,
  443 F.3d 469 (6th Cir. 2006) .................................................................. 3, 4, 5, 7

*Penn Mutual Life Ins. Co v. United States*,
  68 F.3d 1371 (D.C. Cir. 1995)........................................................................... 15

*Plumbers Local 98 Defined Benefit Pension Fund v. Oakland Contracting Co.*,
  2019 WL 5068471 (E.D. Mich. Oct. 9, 2019)..................................................... 8

*Sky Angel U.S., LLC v. Nat'l Cable Satellite Corp.*,
  296 F.R.D. 1 (D.D.C. 2013) .......................................................................... 9, 13

*Texaco, Inc. v. Borda*,
  383 F.2d 607 (3d Cir. 1967) .............................................................................. 15

*Tween Brands Inv., LLC v. Bluestar All., LLC*,
  2015 WL 5139487 (S.D. Ohio Sept. 1, 2015)................................................... 14

*Waters, Cafesjian Family Found., Inc. v. Waters*,
   2012 WL 12925068 (D. Minn. June 27, 2012) .................................................... 12

**Statutes**

Mich. Comp. Laws § 390.4 ........................................................................................ 1

**Rules**

Fed. R. Civ. P. 26 ...................................................................................... 1, 8, 9, 12
Fed. R. Civ. P. 27 .................................................................................................. 15
Fed. R. Civ. P. 30 .................................................................................................... 9
Fed. R. Civ. P. 45 .................................................................................................... 3

**Other Authorities**

8A Fed. Prac. & Proc. Civ. § 2046.1 (3rd ed. 2010) ................................................ 9

## INTRODUCTION

The University does not oppose a deposition of Thomas Easthope, the University's former Vice President of Student Life.[1]  And it does not necessarily oppose it happening before a Rule 26 discovery conference.  But the University *does* oppose discovery that is potentially duplicative, inconsistent, and unnecessarily costly for all parties.  Rushing into a deposition of Mr. Easthope—a witness who is not the University's to produce and with whom counsel has not spoken—on Plaintiff's counsel's breakneck schedule risks just that.  All of this is even before considering that this "emergency" motion comes in the middle of an actual public-health emergency.  Plaintiff's motion should be denied.

The ordinary rule is that discovery takes place after the parties make a plan for it and work out that plan with the Court.  *See* Fed. R. Civ. P. 26(d).  This process lets the parties avoid duplicative efforts, protect confidentiality and privacy, and schedule discovery in an orderly way—issues that surely need to be addressed here.

Taking a deposition in two weeks' time—before the University's motion to dismiss is resolved, a discovery conference, or any court conference—is extreme and unwarranted, particularly in this complex set of cases.  Even more so when Plaintiff stresses that the deposition will be a critical part of this litigation.  Plaintiff's

---

[1]   The University of Michigan is an improper defendant. The Board of Regents of the University of Michigan is the body corporate with the authority to be sued under law.  *See* Mich. Comp. Laws § 390.4.

counsel has filed nearly 50 cases on behalf of different clients in this District alone. It makes good sense to have a court conference—even if not a formal Rule 16 conference—before rushing into discovery in just one of those cases.

Such cross-case coordination is necessary not only to align all the cases filed by Plaintiff's counsel, but also the many not-yet-filed cases from survivors not represented by counsel to this Plaintiff. The University is committed to ensuring fairness to all survivors. That can only happen effectively with a court conference before the current parties launch into discovery.

The University is moving expeditiously to make that conference happen. Weeks ago, it filed a motion to consolidate, which is now fully briefed and would put the parties on track for such a court conference. When the University initially proposed consolidation and a litigation-management plan, Plaintiff's counsel said that he wished to take Mr. Easthope's immediate deposition to aid in settlement discussions. But Plaintiff's counsel's rationale has changed; now professing to be concerned about Mr. Easthope's age, Plaintiff's counsel wishes to take a deposition for the purpose of preserving Mr. Easthope's testimony, in the middle of the COVID-19 emergency gripping this State. Plaintiff's counsel does not assert that Mr. Easthope is in poor health, let alone provide evidence of such, to support the "emergency."

Given Mr. Easthope's age, the parties can certainly prioritize Mr. Easthope's deposition.  But that does not mean that Mr. Easthope's testimony will be lost if not preserved within the 14-day timeline that Plaintiff's counsel urges.  Indeed, the current public-health crisis makes the hurry to depose Mr. Easthope all the more impractical.  Exposing Mr. Easthope to others is not an option.  The parties will thus need to coordinate with him (or his counsel) a virtual non-party deposition, which will be cumbersome and require time to plan.  *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

The University thus proposes that the Court (1) grant the University's pending motion to consolidate these cases; (2) conduct an initial case-management conference at the Court's convenience; and (3) subject to his availability, permit a deposition of Mr. Easthope within 45 days of that conference.[2]

---

[2]   The University is immune from suit on nearly all of Plaintiff's claims under the doctrine of sovereign immunity.  The University will agree to Mr. Easthope's deposition in the spirit of cooperation, but by doing so, the University does not waive immunity.  The University has expressly raised sovereign immunity in its motion to dismiss.  *See Nair v. Oakland Cty. Community Mental Health Auth.*, 443 F.3d 469, 476 (6th Cir. 2006).

## BACKGROUND

### A.   Factual Background

This case is one of nearly 50 filed by Plaintiff's counsel on behalf of individuals making claims against the University based on allegations of sexual misconduct by Robert Anderson.   *See* Ex. A (table of cases).   The first two complaints were filed on March 4, 2020, and in the weeks since, similar complaints have been filed on behalf of 45 other Doe-MCs.   *Id*.   Some of the complaints have already been amended.   *See, e.g*., Am. Compl., ECF No. 13, *Doe MC-19 v. University of Michigan* (E.D. Mich. No. 20-CV-10679)*.*   The University accepted service in the earliest cases, and waived service in the rest.   The cases are currently assigned to ten different judges in this District.   Other attorneys have announced that they have been retained by survivors but are not pursuing lawsuits at this point. *See, e.g*.,      https://www.mlive.com/news/ann-arbor/2020/04/former-university-of-michigan-football-players-reported-sexual-abuse-by-doctor-to-three-trainers-lawsuits-say.html (last visited April 28, 2020).   And some attorneys have filed notices of intent to sue with the Michigan Court of Claims that list federal causes of action.

### B.   Efforts to consolidate the complaints and requests for early depositions

In an early effort to proactively manage this increasingly complex litigation, undersigned counsel proposed to Plaintiff's counsel the following plan:   (1) the

parties jointly seek an order from the Court consolidating all cases into a single master docket; (2) the Plaintiffs file a master long-form complaint with common allegations within 30 days of the Court entering that Order; (3) the parties appear before the Court for a conference to determine the scope and contents of short-form complaints, the University's time and method of response, and any other issues relevant to progressing the matter. ECF No. 14, Mot. to Consolidate. The University made this proposal to avoid duplicative and inconsistent rulings and work. *Id*. at 5–7. Plaintiff's counsel agreed to the proposals for consolidation and filing of a master long-form complaint but did not agree to an early case-management conference. Given the complexities that will remain until that conference, undersigned counsel filed a motion to consolidate on April 3, 2020.

Separately but relatedly, the University had earlier sought Plaintiff's counsel's agreement for additional time to respond to the earliest-filed complaints. *See* ECF No. 16-8. Plaintiff's counsel agreed to some extension, but conditioned full agreement on the University agreeing to early depositions of ***both*** Mr. Easthope and University of Michigan Police Detective Mark West. *Id*.[3] Plaintiff's counsel urged that these depositions would "assist us in settling the case(s)." *Id*. On April 15, Plaintiff's counsel renewed this request solely as to Mr. Easthope, seeking his

---

[3]   Unless otherwise noted, all emphases and alterations are added, and all internal quotation marks, citations, and footnotes are omitted.

deposition within 30 days. On April 16, Plaintiff's counsel sent a draft motion, indicating for the first time that he was concerned about Mr. Easthope's age. Without explanation, Plaintiff's counsel also moved up the timeline for a court-ordered deposition from 30 days to 14 days.

Undersigned counsel attempted to work with Plaintiff's counsel, agreeing to the notion of an early deposition and asking for two measures necessary to advance these cases in an orderly fashion: first, "a status conference to set the schedule for long-form and short-form complaints with a new responsive-pleading deadline to follow that—thereby removing the need for further Court attention to [the University's] motion" to consolidate, and second, for the parties to find a mutually agreeable date for Mr. Easthope's deposition "in the next 60 days." Ex. B (Apr. 16, 2020 Email from C. Bush to M. Cox).

Plaintiff's counsel called the request for a conference "phony," insisted that Mr. Easthope be deposed "within two weeks of service of [a] subpoena," and demanded that the University respond to all his clients' complaints by May 15, 2020. Ex. C (Apr. 16, 2020 Email from M. Cox to C. Bush). He gave the University just a few overnight hours to agree to these demands or face a motion.

The undersigned nevertheless tried again to reach an agreement on the morning of April 17, 2020, within the time limit imposed by Plaintiff's counsel. Ex. D (Apr. 17, 2020 Email from C. Bush to M. Cox). The undersigned explained

that the University seeks an orderly process that "is a fair one for *all* plaintiffs," and that under the local rules, "[o]n consolidation, even though we agree, Judge Borman <u>and</u> the other judges in the district with cases would need to agree to the consolidation." *Id.* (emphases in original). The undersigned clarified that counsel had not been in contact with Mr. Easthope, *id.*, nor has anyone from the University's General Counsel's Office.[4]  The University therefore requested again that the parties ask for a short conference with the Court and work together on a date for Mr. Easthope's deposition.

Plaintiff's counsel never responded to the University's last proposal.  Instead, Plaintiff's counsel filed this motion, labeling it an emergency.  Plaintiff's counsel also filed a second suit against the University in state court on behalf of this Plaintiff (but not his other Doe clients), *Doe MC-1 v. University of Michigan*, No. 20-379-NO (Washtenaw Cty. Cir. Ct.), and also filed a substantively identical, *ex parte* motion to take Mr. Easthope's deposition out of time.  Ex. E (Emerg. Mot.).

### C.    Current Procedural Posture

The University's first responsive pleading to the earliest complaints is due May 3, 2020.  Plaintiff's counsel has declined to grant any further extension.  The

---

[4]   The University has hired the law firm of WilmerHale to conduct an independent investigation and to produce a public report on these matters. *See* https://record.umich.edu/articles/u-m-hires-wilmerhale-to-handle-robert-e-anderson-investigation/ (last visited Apr. 28, 2020).

University's first responsive pleadings to the latest-filed federal complaints are not due until June 12, 2020.[5]   Plaintiff's counsel has offered no proposal for, or acknowledgement of the need for, the coordination of discovery, the means of protecting private information in discovery, the overall timing of discovery, or any discovery-related topic—other than Plaintiff's counsel's serial requests for immediate depositions in this single case.

No status conference is set before this Court, but Judge Lawson has set status conferences in his five cases. *See e.g.*, ECF No. 12, *Doe MC-4 v University of Michigan et al.*, No. 20-CV-10582 (setting status conference for May 11, 2020). The University's motion to consolidate all of these cases and to set a status conference before this Court to discuss how to manage the cases is now fully briefed.

### LEGAL STANDARD

"Expedited discovery is not the norm."   *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000).   "The Federal Rules of Civil Procedure generally require a discovery conference under Rule 26(f) prior to the commencement of discovery." *Plumbers Local 98 Defined Benefit Pension Fund v. Oakland Contracting Co.*, 2019 WL 5068471 at *1 (E.D. Mich. Oct. 9, 2019).   However, under Fed. R. Civ. P. 26(d), the Court may enter an order

---

[5]   Plaintiff's counsel requested waivers of service for the latest wave of complaints earlier today.   Once those waivers are executed, the University's response to those complaints will be due on June 30, 2020.

permitting discovery in advance of a scheduling conference.  Fed. R. Civ. P. 26(d)

("A party may not seek discovery from any source before the parties have conferred

as required by Rule 26(f), except . . . when authorized . . . by court order."); *see also*

Fed. R. Civ. P. 30(a).  In this District and many others, courts grant such orders only

upon a showing of "good cause."  *McCluskey v. Belford High School*, 2010

WL2696599, *1 (E.D. Mich. June 24, 2010); *see* 8A Fed. Prac. & Proc. Civ. § 2046.1

(3rd ed. 2010) ("Although the rule does not say so, it is implicit that some showing

of good cause should be made to justify such an order.").  "But courts tend to find

good cause at this very early stage only in narrow circumstances, such as where a

party seeks information related to the issues of identity, jurisdiction, or venue."

*Sky Angel U.S., LLC v. Nat'l Cable Satellite Corp.*, 296 F.R.D. 1, 2 (D.D.C. 2013).

Plaintiff bears the "burden of showing good cause or need in order to justify

deviation from the normal timing of discovery." *Gen. Ret. Sys. of the City of Detroit*

*v. Onyx Capital Advisors, LLC*, 2010 WL 2231885, at *3 (E.D. Mich. June 4, 2010).

And good cause is assessed based on the circumstances of *this* case, at *this* moment

in time.  *See, e.g.*, *Merrill Lynch*, 194 F.R.D. at 624 (considering the "reasonableness

of the request" for expedited discovery to prepare for a preliminary injunction

hearing "in light of all of the surrounding circumstances").  Courts have noted that

expedited discovery requests should be "limited" in scope, and that a request to

depose someone about "any and all information necessary for Plaintiffs to establish

9

their cause of action" may not be appropriately limited. *Bug Juice Brands, Inc. v. Great Lakes Bottling Co.*, 2010 WL 1418032, at \*2 (W.D. Mich. Apr. 6, 2010).

In dealing with these sorts of requests, some courts have looked to the five factors laid out in *Lashuay v. Delilne*, 2018 WL 317856 (E.D. Mich. Jan. 8, 2018): "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id*. at \*4.

## ARGUMENT

### I.   Plaintiff lacks good cause for a deposition within 14 days from a court order granting the motion.

As with the University's motion to consolidate, the parties start on common ground.  The University is not opposed to Plaintiff deposing Mr. Easthope prior to a Rule 26 conference to preserve his testimony.  What the University is opposed to, however, is a deposition of Mr. Easthope before the parties and Court have had the opportunity to adequately plan some course for this litigation.   Coordinating numerous, related-yet-individualized cases requires care and a plan.  That is why the *Manual on Complex Litigation* recommends that in mass actions—like this one— the Court's "first step" be "promptly scheduling the initial conference with counsel . . . before any adversary activity begins, such as filing of motions or discovery requests." *Id.* (4th ed.) § 11:11.  By consolidating cases before a single

10

judge and setting an early status conference, the "common issues … susceptible to common proof" can "be discovered and litigated efficiently and fairly, through motions or otherwise, in coordinated or consolidated proceedings." *Id.* § 22.311.

These cases, filed anonymously by survivors of sexual abuse, involve important considerations of privacy and fairness that must be carefully discussed and agreed upon prior to discovery.[6]

- How will the parties and Court protect the anonymity and privacy of plaintiffs?
- What considerations must be given to the privacy of non-plaintiffs?
- If depositions proceed, whose lawyers should have the opportunity to attend and participate and under what conditions?
- Will depositions be taken in all pending cases—federal and state?
- Will counsel for claimants who have not yet brought suit be invited to participate?
- Should dispositive motions or the like be decided before discovery proceeds, so that the depositions can be appropriately cabined to live issues?

These questions require discussion among the parties and the Court.  Indeed, without some basic coordination, Mr. Easthope could be subject to deposition after deposition concerning the same essential facts—or otherwise, other survivor's counsel would be reliant on this Plaintiff's counsel's questioning.

---

[6]  Plaintiff's counsel has yet to identify any of his clients, including Plaintiff here.

Even before answering these questions, the parties and the Court need to address other basic issues: the process for adding additional allegations or parties, the coordination of cases brought (or not) by other counsel, and whether and when the parties will pursue alternative resolution.  The University is committed to finding a process that treats *all* survivors fairly.  That cannot happen if discovery begins in a single case in the absence of any sort of litigation plan.

Plaintiff urges that Mr. Easthope's deposition must proceed in just days because Mr. Easthope is 87 years old.  But age alone is not enough to justify the requested "deviation from the normal timing of discovery" under Rule 26(d). *Onyx Capital*, 2010 WL 2231885, at *3; *accord, e.g.*, *Doe 1 v. Miles*, 2019 WL 201567, at *1 (D. Utah Jan. 15, 2019) (denying request for expedited discovery where "Plaintiffs' only basis for requesting [it] … is the allegation that [the witnesses] are of advanced age"); *Michael v. Estate of Kovarbasich by & Through Marano*, 2015 WL 13757325, at *2 (N.D.W. Va. Apr. 10, 2015) ("Plaintiffs' assertion that Mr. Layne's advanced age necessitates an expedited deposition is insufficient, as Plaintiffs presented no indication that Mr. Layne is either physically or mentally infirm."); *Cashland Inc. v. Cashland Inc.*, 2016 WL 6916776, at *1 n.4 (W.D. Okla. Jan. 14, 2016) (refusing early deposition of 71-year old diagnosed with prostate cancer); *Waters, Cafesjian Family Found., Inc. v. Waters*, 2012 WL 12925068, at *2 (D. Minn. June 27, 2012) ("Simply relying on the mere fact of Mr. Cafesjian's

age alone to support a request for expedited discovery does not demonstrate good cause.").

Plaintiff provides no justification for taking Mr. Easthope's deposition on an emergency basis in a matter of days, as opposed to several weeks from now, after the parties have adequately coordinated with the Court.

Indeed, the timing of Plaintiff's motion belies its urgency—if Plaintiff's counsel thought it necessary to depose Mr. Easthope *immediately*, he could have filed this motion upon filing his complaint, more than six weeks ago.

The other premise underlying Plaintiff's counsel's motion is equally unavailing.   Plaintiff's counsel states that the University's "General Counsel's Office – if not even UM's outside counsel – *must have* already interviewed Easthope many times." ECF No. 16 at 11; *see also id.* at 19.  This is simply not true.  Plaintiff's counsel was told on April 17, 2020 that the undersigned counsel had not spoken to Mr. Easthope, *see* Ex. D, and the University's General Counsel's Office has similarly not spoken to Mr. Easthope about these matters.  Mr. Easthope is a third party,[7] and Plaintiff's counsel has not produced any good cause to justify his request to depose Mr. Easthope out of time, let alone on a claimed emergency basis.

The *Lashuay* factors also weigh against this emergency request:

---

[7]   It is because Mr. Easthope is *not* represented by the University's counsel that it was permissible for Plaintiff's counsel to reach out to him as he did.  *See* ECF No. 16-11; Mich. R. Prof. Conduct 4.2.

1. There is no preliminary injunction pending.  Indeed, this motion was not brought until six weeks after Plaintiff filed his complaint.

2. Plaintiff has suggested no limits be placed on this deposition, notwithstanding that, among other legal defenses, the University is immune from virtually all of Plaintiff's claims.  *See supra* n.2.

3. The purpose of preserving testimony is not improper, but Plaintiff has not shown that this purpose cannot be effectuated in a matter of weeks, not days.  *See supra.*

4. The burden is clear.  Mr. Easthope may not even be aware he is the subject of these dual attempts before two courts to obtain his deposition while the State is still under an actual emergency public-health order from Governor Whitmer.  And the University has no authority to produce him for deposition, much less to do so within two weeks, all while the University is grappling with its own COVID-19-related issues.

5. This is well in advance of when discovery would typically proceed.  The University has just today filed its initial responsive pleading to Plaintiff's soon-to-be-supplanted complaint.  In fact, Plaintiff's request is well in advance of the cases he cites that ordered expedited discovery.  *See infra*.

The *Lashuay* factors confirm that Plaintiff lacks the good cause he bears the burden of showing to justify his extraordinary request—especially in the face of reasonable attempts to cooperate by the University and a *bona fide* emergency in the form of COVID-19.  *See Tween Brands Inv., LLC v. Bluestar All.*, LLC, 2015 WL 5139487, at *3 (S.D. Ohio Sept. 1, 2015) ("[T]he Court must weigh the need for the discovery against the prejudice to the responding party."); *see Lashuay*, 2018 WL 317856, at *3 ("good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant").

Plaintiff's cases do not help him. *McNulty v. Reddy Ice Holdings, Inc.*, 2010 WL 3834634 (E.D. Mich. Sept. 27, 2010), was a case that had been ***pending for two years*** with a parallel criminal investigation. This Court was deciding whether to permit discovery in light of the government's parallel investigation—not in light of Rule 26's timing and scheduling requirements. *In re Chiquita Brands Int'l, Inc.*, No. 07-CV-60821, 2015 WL 12601043 (S.D. Fla. Apr. 7, 2015), had similarly been ***pending for years***, and the court had ruled on a motion to dismiss, before the plaintiffs sought discovery. In both cases, the basic case management tasks had been achieved, and the courts were balancing the need for discovery against other interests. Neither involved, as here, a request for immediate discovery prior to any structure or plan—or even a responsive pleading.

Similarly, *Penn Mutual Life Ins. Co v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995), and *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967) are inapposite. *Penn Mutual* involved Rule 27, which governs pre-suit requests for discovery where a party anticipates that it will be a party to litigation but is unable to bring the case to court. *See* Fed. R. Civ. P. 27(a)(1). And the petitioner in *Texaco* sought mandamus to take a deposition after the trial court stayed civil proceedings indefinitely until the conclusion of a parallel criminal action.

In either situation, the party seeking the deposition was unsure when litigation might commence. *See Texaco*, 383 F.2d at 609 (litigation contingent on end of

criminal action at "undeterminable" date); *In re Town of Amenia*, 200 F.R.D. 200, 202 (S.D.N.Y. 2001) ("An indeterminate length of time may pass before the anticipated litigation is commenced and progresses to the discovery stage."). Not so here. In fact, it's practically the ***opposite*** situation. Litigation has started and the parties need only form an orderly plan for conducting it. The University does not seek an "indeterminate" delay of Mr. Easthope's deposition; it agrees that the deposition should occur, and merely wishes to do some basic planning before going ahead. *Accord Michael*, 2015 WL 13757325, at *3 (finding plaintiff had established good cause for a pre-Rule-26(f)-conference deposition of a witness to events in the 1970s, but only after "some point in time" more than 180 days after the order).

## II.   The COVID-19 pandemic makes it particularly inappropriate to rush to depose Mr. Easthope.

Further complicating Plaintiff's demand for a near-immediate deposition is the significant disruption caused by COVID-19. The first of these cases was filed just days before the State-mandated shutdown orders took effect and others have followed during the shutdown. As required by Governor Whitmer's orders, the University and its counsel here implemented efforts to help prevent the spread of the disease, including limiting travel and visitors at facilities, and shifting the workforce and course delivery online, with only essential workers reporting to their offices.[8]

---

[8]   *See* Statement on U-M's Response to the COVID-19 Pandemic at March 2020 Board of Regents Meeting (available at https://bit.ly/3cnVyEX).

These efforts reduce (and sometimes eliminate) access to equipment, documents and information, and personnel necessary to properly and efficiently litigate this case, especially given its early status and complex procedural structure. During this time, the University and its counsel will not have physical access to witnesses, files, and equipment. Meanwhile, COVID-19 has required University employees—including in-house counsel—to devote enormous energies to addressing new challenges presented by the spread of the disease, the orders resulting from it, and the new reality of a university campus with no students and a health system beset by responding to the urgent needs of its community.

Planning and preparing for a remote deposition during this extraordinary time will be a complicated endeavor and will take time, negotiation, and agreement to execute. At this point, neither the undersigned counsel nor (apparently) Plaintiff's counsel have been in touch with Mr. Easthope—or any counsel he individually may have. We hope we can presume that Plaintiff's counsel is not seeking an in-person deposition, as that would contravene the Governor's clear social-distancing guidelines. And if the deposition is to proceed remotely, it is unclear whether Mr. Easthope has access to technology necessary to execute such a deposition, or how the deposition would occur if he does not. *See, e.g.*, *Edmo v. Idaho Dep't of Correction*, No. 1:17-CV-00151-BLW, 2020 WL 1907560, at *2 (D. Idaho Apr. 17, 2020) ("[T]he COVID-19 pandemic and resultant stay-at-home orders would

currently prevent Plaintiff's counsel from performing any in-person depositions at this time, and would potentially prevent deponents from being available to appear – even by way of video deposition.").

An order to take Mr. Easthope's deposition in 14 days may be unachievable, or at the very least will set off an avoidable logistical scramble.  Even the simple task of serving the Rule 45 subpoena necessary to obtain Mr. Easthope's deposition would require personal service, *see Blankenship v. Superior Controls, Inc.*, 2014 WL 12659919, at *2 (E.D. Mich. Oct. 2, 2014), violating the Governor's admonition to maintain social distance.

## III.   The parties should proceed with a case management conference and there determine when Mr. Easthope's deposition should go forward.

The University respectfully suggests the following, in light of the parties' agreed-upon goals and to further judicial efficiency and economy:

    a.  The Court denies Plaintiff's motion without prejudice;

    b.  The Court grants the University's motion to consolidate, and the parties work with the Court to get filed cases transferred to this Court; and

    c.  The Court sets a status conference to discuss the issues raised by the parties in this motion and determine when a deposition of Mr. Easthope should go forward.

## CONCLUSION

For these reasons, Plaintiff's emergency motion should be denied without prejudice for renewal after the parties and the Court have had the opportunity to discuss the structure and procedure of this case.

18

Respectfully submitted,

/s/ *Cheryl A. Bush*
Cheryl A. Bush (P37031)
Stephanie A. Douglas (P70272)
Derek J. Linkous (P82268)
Andrea S. Carone (P83995)
BUSH SEYFERTH PLLC
100 W. Big Beaver Rd., Ste. 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com

*Attorneys for the University*

Dated: May 1, 2020