UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE MC-1,

    Plaintiff,
v.                                                        Case No. 20-10568
                                                          Honorable Victoria A. Roberts
THE UNIVERSITY OF MICHIGAN,
et al.,
                                                          **MASTER CASE FILING**
    Defendants.
_____/

## ORDER REGARDING UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL SETTLEMENT INFORMATION

Last week, the Court learned of several articles which reference information from "confidential sources" concerning settlement offers in this case.

Such disclosures jeopardize an already difficult process and will prevent parties and attorneys who have faith in our mediation structure, from developing the trust that is absolutely essential to foster robust discussion and confidential negotiations.

The Court regards the communication of any settlement/mediation information to those outside of our confidential process as egregious and potentially sanctionable breaches of our rules of engagement, this Court's

Local Rules, the federal rules, and ethical obligations imposed on all attorneys in this case.

This Order serves as the beginning of any notice the Court must provide you before imposing sanctions – which I will not hesitate to do if "confidential sources" are revealed or if anyone involved in this matter expresses an intention to breach the clear obligations imposed.

The Court has power to sanction a party's disclosure of confidential settlement information under E.D. Mich. Local Rules 16.3 and 11.1 (pursuant to Fed. R. Civ. P. 11(c)). The Court also has the inherent authority to sanction bad faith conduct in litigation.

Local Rule 16.3 provides that communications in ADR proceedings are confidential, and it prohibits disclosure of such communications to anyone other than the ADR participants unless the Court permits disclosure.

> (d) Confidentiality. Communications in ADR proceedings are confidential. They are not subject to discovery, are not admissible in a proceeding, and may not be disclosed to anyone other than the ADR participants unless the court permits disclosure. No party may compel a mediator to produce documents that relate to, or testify to matters discussed during, ADR proceedings except on order of the court.

E.D. Mich. LR 16.3(d).

All attorneys practicing in federal court have "a clear obligation to familiarize [themselves] with a district court's rules and to follow them...." *Carpenter v. City of Flint*, 723 F.3d 700, 710 (6th Cir. 2013). Local Rule 11.1 contemplates sanctions for a party's failure to comply with Local Rules.

> If, after notice, and a reasonable opportunity to respond, the Court determines that a provision of these local rules has been knowingly violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or parties that have violated the Local Rule or are responsible for the violation. The procedures for imposing sanctions and the nature of sanctions shall be set out in Fed. R. Civ. P. 11(c). For purposes of this rule, references in Fed. R. Civ. P. 11(c) to violations of "Rule 11(b)" are deemed to be references to violations of Local Rules, and Fed. R. Civ. P. 11(c)(5)(A) does not apply.

E.D. Mich. LR 11.1.

Federal Rule of Civil Procedure 11(c) allows monetary and nonmonetary sanctions:

> **(c) Sanctions.**
>
> > **(1) *In General.*** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
> >
> > **(2) *Motion for Sanctions.*** A motion for sanctions must be made separately from any other motion and must

3

describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

**(3)** *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

**(4)** *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. **The sanction may include nonmonetary directives; an order to pay a penalty into court**; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

**(5)** *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

>**(A)** against a represented party for violating Rule 11(b)(2); or

>**(B)** on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

**(6)** *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

Fed. R. Civ. P. 11(c) (emphasis added). The Court encourages parties to move for sanctions if they can meet the stringent requirements of Rule 11. The Court also will not hesitate to move for sanctions on its own initiative.

The Sixth Circuit recognizes that "[t]here exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). Further, "[b]y safeguarding the trust of the parties in the individual case, the confidentiality requirement serves the broader purpose of fostering alternative dispute resolution in general. Confidentiality is paramount to the success of a mediation program because it encourages candor between the participants ...." *Hand v. Walnut Valley Sailing Club*, No. 10-1296-SAC, 2011 WL 3102491, at *4–5 (D. Kan. Jul. 20, 2011), *aff'd*, 475 F. App'x 277 (10th Cir. 2012).

"[C]ourts routinely impose sanctions on attorneys who disclose confidential mediation communications." *Zuver v. Sprigg*, No. 16-2505 (DLF), 2018 WL 3617308, at *12 (D.D.C. June 13, 2018); *see, e.g., Mocombe v. Russell Life Skills*, No. 12-60659-CIV, 2014 WL 11531569, at *15 (S.D. Fla. Oct. 7, 2014) ("Courts have imposed various sanctions for a litigant's violation of mediation confidentiality rules."); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has

discretion to sanction a party for failing to ... comply with local or federal procedural rules" and "[s]uch sanctions may include dismissing the party's case with prejudice or entering judgment against the party.").

Independent of Local Rules 16.3 and 11.1 and Fed. R. Civ. P. 11(c), the Court has the inherent authority to sanction bad-faith conduct, as well as conduct that is tantamount to bad faith. *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511-12 (6th Cir. 2002). Bad faith is associated with conduct that is intentional or reckless. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

To impose sanctions under Rule 11 or pursuant to the Court's inherent authority requires finding the party acted in bad faith or engaged in conduct tantamount to bad faith. *See Grimes v. Bessner*, No. 17-12860, 2018 WL 3956356, at *3 (E.D. Mich. Aug. 17, 2018); *Greg Adkisson v. Jacobs Engineering Group, Inc.*, No. 13-505, 2020 WL 3791973, at *4 (E.D. Tenn. July 7, 2020).

Below is an excerpt of a case discussing dismissal as a sanction for violating confidentiality requirements.

> The sanction of dismissal of the case has been imposed in other jurisdictions for attorneys' intentional or grossly negligent violations of confidentiality requirements. *See e.g., Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787 (7th Cir.

6

> 2009) (affirming dismissal with prejudice as a sanction for attorney's unauthorized disclosure of a document subject to an attorneys'-eyes-only agreement); *Assassination Archives & Research Center v. C.I.A.*, 48 F. Supp. 2d 1 (D.D.C. 1999) (dismissing action due to attorney's disclosure to plaintiff of records attorney had become aware of during settlement negotiations in violation of confidentiality agreement executed in connection with prior litigation).
>
> * * *
>
> The Tenth Circuit has suggested various factors for the district court's consideration when deciding whether to dismiss [or enter judgment against a defendant] as a sanction: '(1) the degree of actual prejudice . . .; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action [or the entry of judgment] would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.' *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

*Hand*, 2011 WL 3102491, at *2. Of course, the above recited law would be equally applicable if evidence indicates disclosure by defendants or defense counsel.

Lesser sanctions that the Court believes are in its arsenal include – without limitation – fines, payment of opposing party's attorney fees, the filing of a grievance, revocation of *pro hac vice* status, and exclusion of claims or defenses.

Through this Order, all are placed on notice that:

(1) sanctions can be imposed on parties, their attorneys, or both;

(2) any disregard of anything in this order will be regarded by the Court as evidence of bad faith, intentional, reckless, or grossly negligent conduct; and

(3) if any future revelations are made concerning disclosures by "confidential sources," the Court will require each counsel and party to certify – under penalty of law – that he or she did not provide confidential information to anyone outside of the mediation process.

The Court requires you to send this Order to each of your clients so that they are on notice as well. You must file notice of service with the Court. Notice that you served a group of clients will suffice.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 29, 2021

8