UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE MC-1,

     Plaintiff,

v.                                                      Case No. 20-10568
                                                        Honorable Victoria A. Roberts

THE UNIVERSITY OF MICHIGAN,
et al.,
                                                        **MASTER CASE**

     Defendants.
_____/

## ORDER REGARDING CASE MANAGEMENT PROCEDURES AND MOTION PRACTICE

In papers filed June 24, 2020 and September 3, 2020, the parties

stipulated to engage in facilitative mediation with Robert Riley ("Mr. Riley")

concerning all allegations in Plaintiffs' complaints and all defenses.

On September 25, 2020, the Court entered a stipulated order

extending the stay of discovery from its original date of August 31, 2020

"until any discovery issues are presented to and resolved by [Mr. Riley] or

further Order of this Court."  [ECF No. 123, PageID.2553-54].  This

language was an invitation to place all discovery matters under the Rule

408 umbrella.

On October 2, 2020, "so that the parties and their counsel [could]

devote full attention to facilitative mediation," the Court stayed all motion

practice "unless the parties seek and obtain permission of the Court."  [ECF No. 125, PageID.2597].  Combined, these two orders require anything discovery related (not limited to Rule 408) to go first to Mr. Riley; then, if a party seeks to file a discovery motion, leave of Court is necessary.  Only then would issues be made known to the Court.

The September 25 and October 2, 2020 orders set forth further procedures for the parties to follow, depending on the issue.

This Order sets forth revised procedures the parties must follow with respect to motion practice, discovery, and mediation proceedings.  To the extent this Order conflicts with the procedures in the September 25 and October 2, 2020 orders – or any other order – this Order governs.

So that the parties and their counsel can continue to devote full attention to mediation efforts, the Court continues to **STAY** all discovery and motion practice while mediation is ongoing.

The stay on discovery and motion practice is subject to the following exceptions and guidelines:

1.    Plaintiffs and/or the University may file a motion for Rule 16 and Rule 26 discovery proceedings under the Federal Rules of Civil Procedure if Mr. Riley determines that mediation proceedings have broken down.  Alternatively, the parties may request a conference with the Court to discuss the possibility of beginning Rule 16 or Rule 26 discovery proceedings.

2.    If a party can show exigent circumstances and/or good cause under the process set forth in paragraph 3, limited discovery and/or motion practice may be permitted.

3.    To seek relief from the stay on discovery and/or motion practice:

    a. First, the parties must submit a joint letter to the Court via email to the Case Manager.  The joint letter must:

        i.  include a statement that the parties concur in the relief requested or that counsel met face to face in an effort to resolve the disagreement;

        ii. outline the issues;

        iii. set forth the relief sought by the requesting party and any objection(s);

        iv. substantiate exigent circumstances and/or good cause;

        v.  summarize any position taken by Mr. Riley; and

        vi. indicate what steps the parties have taken to resolve the issues.

    b. Next, the Court may require a conference with the parties/counsel and/or supplemental information.  Once presented with sufficient information, the Court will inform counsel whether they must submit the issue to Mr. Riley as part of the Rule 408 process or whether the issue is one for the Court to decide.

    c. If the issue is one for the Court, the Court will inform counsel of the next steps – including whether the requesting party has leave to file a motion or if leave will not be given at that time.

4.    Parties may seek Court review of issues decided by Mr. Riley by following this joint letter process.

5.    The joint letter and its contents must remain confidential and not be disclosed to anyone outside of those authorized to receive confidential information under the operative Protective Order.

6.    If the Court permits a motion to be filed, the parties must strictly adhere to E.D. Mich. Local Rule 5.3 ("Civil Material Filed Under Seal") when filing sensitive or confidential items on the docket.

7.    Under Mr. Riley's direction, the parties must continue to confidentially exchange information necessary for settlement purposes within the confines of Rule 408 and the settlement privilege. Except as explained in paragraph 8, or otherwise by Court order, all Mediation Communications and Mediation Discovery Materials are confidential.  They: (a) are not admissible in any proceedings; (b) must not be filed in any court; (c) must not be disclosed to anyone outside of those authorized to receive confidential information under the operative Protective Order; and (d) must be used solely for the purposes of mediation and for no other purpose.

8.    Only "communications made in furtherance of settlement" are confidential.  In considering issues of confidentiality, the Court will rely on Federal Rule of Evidence 408(a), which protects: "[e]vidence of the following . . . : (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim. . . ."  The Court will also consider the common law "settlement privilege," as outlined in Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976 (6th Cir. 2003).  Finally, the Court will also be guided by *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919 (6th Cir. 2019); *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d

4

589 (6th Cir. 2016), and *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 Fed. Appx. 202 (6th Cir. 2016).

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 22, 2021