**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

John Doe MC-1,

      Plaintiff,

v.

The University of Michigan, the
Regents of The University of Michigan,

      Defendants.

Case No. 2:20-cv-10568-VAR-EAS

**Master Case Filing**

Hon Victoria A. Roberts
Magistrate Judge Elizabeth A. Stafford

**PLAINTIFF JOHN DOE EB-17; MOTION TO RE-OPEN CASE; MOTION
FOR JUDICIAL INTERVENTION; EMERGENCY MOTION FOR
HEARING**

      Comes now, Plaintiff John Doe EB-17, representing himself Pro-Se on the

Motion Matter, acting as a one of the Lead Plaintiffs and himself a Settlement

Claimant, hereby Petitions the Court for the following:

      This case was closed on or about November 11, 2022, with the last filing of

said matter on or about the same date. Plaintiff John Doe EB-17, hereby requests

that the Court Re-Open the Case for this specific Motion in order for the Court to

determine the following:

      This case was settled with a Final Order issued on or about November 11,

2022. A Settlement was reached on this Case in or around January 2022. To date,

1

some 16 months later, no distribution of funds have been received by Plaintiffs (who allegedly filed Bankruptcy during their lifetimes, some going back nearly 30-plus years), due in whole or in part to Archer Systems LLC universally holding back the funds from respective Plaintiffs by (factually) attempting to dive deep into Personal Bankruptcy filings of Plaintiffs, some dating back the aforementioned nearly 30-plus years, a correct figure, wherein these Bankruptcy cases are wholly irrelevant to this matter, as well as refusing to disclose to Plaintiff and Counsel the reasoning for such investigations being made.

Due in whole to the alleged misconduct from Archer, Plaintiff Counsel appointed a "Special Outside Counsel" (Hereinafter "Outside Counsel") to negotiate with Archer and present all cases to a "Bankruptcy Trustee" in a setting that has never been disclosed, wherein the name of the Outside Counsel has never been disclosed, his actions have never been brought forward, other than Counsel for Plaintiff John Doe EB-17, informing EB-17 that this Outside Counsel was appointed on or about April-May 2023 – with further communication from Plaintiff Counsel that as of June 30, 2023, they "anticipate" that Outside Counsel may or may not have a report in "30-60-90" days – with no relief in sight for any Plaintiff.

The delays that have been ongoing since the Court approved the Settlement are not only outrageous, but have become a literal slap in the face of the Plaintiffs, who have suffered enough mental anguish since their Sexual Assault by Dr. Robert

Anderson at the University of Michigan to last a lifetime – yet they continue to not only get older (many of these Plaintiffs are in their 70's and 80's), but see no end in sight – not only by these "delays" that literally change weekly, with little to no communication from their own respective Counsel, all the while watching those Plaintiffs that allegedly have never filed Bankruptcy, get their distribution – making this delay even more outrageous, where ALL Plaintiffs were ordered to be treated as equals, with no advance communication from any Counsel about Archer, the delays made by Archer, and their unprofessional antics that have led to this Motion needing to be filed.

The Bankruptcy Code is clear on its face, wherein where any individual who is DISCHARGED from a Bankruptcy (as all cases being researched from 10-30 years past are), making such investigations wholly irrelevant and cause for concern. Further, the Bankruptcy Code reads thus:

*A discharge releases individual debtors from personal liability for most debts and prevents the creditors owed those debts from taking any collection actions against the debtor. Because a chapter 7 discharge is subject to many exceptions, debtors should consult competent legal counsel before filing to discuss the scope of the discharge. Generally, excluding cases that are dismissed or converted, individual debtors receive a discharge in more than 99 percent of chapter 7 cases. In most cases, unless a party in interest files a complaint objecting to the discharge*

3

*or a motion to extend the time to object, the bankruptcy court will issue a discharge order relatively early in the case – generally, 60 to 90 days after the date first set for the meeting of creditors. Fed. R. Bankr. P. 4004(c)*

For Archer Systems LLC to cause such a delay in allowing for the funds to be distributed is on its face irrelevant and is causing further harm and anguish to the Plaintiffs who have already suffered, some for over 40 years while awaiting this Settlement.

In the instant, Archer Systems is factually harming Plaintiff John Doe EB-17, by demanding information from him and his Counsel regarding Bankruptcy filings from 1996, nearly 30 years after proper Discharge. Archer has refused to answer questions as to why they would be delving into such ancient filings and continue to delay the Settlement.

As it is, it was Plaintiff John Doe EB-17, who had to use his own funds to log into the PACER Filing Systems, to research and have sent to Archer all relevant Discharge paperwork as Archer seemingly was not even doing this, while making alleged allegations of "investigating" said Bankruptcy filings.

The Settlement in this matter has taken far too long to distribute, and having such irrelevant investigations by Archer Systems LLC is a complete detriment to the history of this matter and is a further insult to those Plaintiffs harmed by Dr. Anderson to be able to move forward with their respective lives with said settlement.

Wherefore, Plaintiff John Doe EB-17, respectfully requests that this matter be re-opened due in whole and in part to the above delays by Archer Systems LLC that have spun this matter out of control.

Plaintiff John Doe EB-17 hereby Motions this Court for Judicial Intervention and reads thus:

It is clear on its face factually, that this matter is not moving forward with distribution of funds as clearly stated by the Court in its Order on or about November 22, 2022, as to how the funds are to be distributed. With Archer Systems LLC acting outside of their own alleged scope by stalling "investigations" into some near 30-year-old Bankruptcy Filings that are wholly irrelevant to the matter,

Plaintiff John Doe EB-17 is seeking Judicial Intervention to bring Archer Systems, the Outside Counsel, and all Plaintiff Counsels respectively - to the Court to offer a full and factual reasoning for such delays as the Plaintiffs, have factually suffered and waited long enough for their lives to be made semi-whole with the settlement itself.

Archer Systems and the Outside Counsel need to fully document and offer the Court reasoning for such delays, and the Court needs to intervene in order for these funds to be distributed, per its November 2022 Order. The Court Ordered Archer as thus (Italic Emphasis has been made for clarity) -

"*ARCHER Systems, LLC, 1775 Saint James Place, Suite 200, Houston, TX*

77056 is appointed as the "Fund Administrator" of the Fund (as a "qualified settlement fund") within the meaning of section 1.468B-2(k)(3) of the Regulations ("Administrator") responsible for administering the Fund".

Further, the Court Stated –

1.      "A Bankruptcy Claimant's Bankruptcy Complications shall not be deemed to be resolved unless and until such time as the Bankruptcy Coordination Administrator obtains, and provides a copy to the UM Defendants of, either: (i) a written representation and warranty from a duly authorized bankruptcy trustee on behalf of or with respect to the Bankruptcy Claimant's bankruptcy estate that either (x) the Bankruptcy Claimant's bankruptcy estate has no interest in the Bankruptcy Claimant's Action, Anderson-Related Claim, and Allocated Share, or (y) that the Bankruptcy Claimant's bankruptcy estate is, pursuant section 544 of the Bankruptcy Code, abandoning the Bankruptcy Claimant's Action, Anderson-Related Claim, and Allocated Share to the Bankruptcy Claimant, (in which case the Bankruptcy Claimant shall subsequently ratify their earlier-executed Settlement Release and provide the ratification to the Lien Administrator); or (ii) a Settlement Release or substantially similar document executed by the applicable bankruptcy trustee on behalf of or with respect to the Bankruptcy Claimant's bankruptcy estate, and approved by a United States bankruptcy court, ratifying the Bankruptcy Claimant's previously signed Settlement Release and forever releasing the UM Released Persons from all Anderson-Related Claims and any Bankruptcy Complications with

6

*respect to both the Bankruptcy Claimant and the Bankruptcy Claimant's bankruptcy estate, as if the Bankruptcy Claimant's originally executed Settlement Release had been fully executed and/or approved by the applicable bankruptcy trustee and approved by a United States bankruptcy court at the time the Bankruptcy Claimant originally executed his, her, or its Settlement Release.*

2.   *The QSF Co-Administrators must distribute the Bankruptcy Claimant's Allocated Share, in accordance with instructions from the applicable bankruptcy trustee as communicated by the Bankruptcy Coordination Administrator, in the event that a Settlement Release or substantially similar document is executed by the applicable bankruptcy trustee on behalf of or with respect to the Bankruptcy Claimant's bankruptcy estate, and such Settlement Release or substantially similar document is approved by the applicable United States bankruptcy court.*

3.   *The QSF Co-Administrators are prohibited from distributing any portion of a Bankruptcy Claimant's Allocated Share unless and until such time as that Bankruptcy Claimant's Bankruptcy Complications have been fully resolved and the Bankruptcy Coordination Administrator has obtained, and provided a copy to the UM Defendants of, the documents described in Paragraph 19.*

4.   *If the Bankruptcy Coordination Administrator is unable to resolve a Bankruptcy Claimant's Bankruptcy Complications by obtaining the documents described in Paragraph 19 within twelve (12) months of the payment of the*

*Settlement Amount, then: the Bankruptcy Coordination Administrator must provide to the UM Defendants copies of at least two written communications (no less than two months apart) from the Bankruptcy Coordination Administrator to both the applicable bankruptcy trustee and the Office of the United States Trustee for the District in which the bankruptcy occurred providing notice of the Bankruptcy Claimant's Action, Anderson-Related Claim, and Allocated Share, and certify that the Bankruptcy Coordination Administrator received no response to such communications; upon the UM Defendants' receipt of those two written communications and the certification that the Bankruptcy Coordination Administrator received no response to the communications, the QSF Co- Administrators may distribute to the Bankruptcy Claimant that individual Bankruptcy Claimant's Allocated Share, less a "Bankruptcy Holdback Amount," defined as the greater of (a) 40% of that individual Bankruptcy Claimant's Allocated Share or (b) the total amount of debt that was discharged in that individual Bankruptcy Claimant's bankruptcy proceedings; and shall continue to hold in escrow that individual Bankruptcy Claimant's Bankruptcy Holdback Amount.*

5. *If the Bankruptcy Coordination Administrator is unable to resolve a Bankruptcy Claimant's Bankruptcy Complications within eighteen (18) months of the payment of the Settlement Amount, then: the Bankruptcy Coordination Administrator must provide to the UM Defendants copies of at least one additional*

*written communication from the Bankruptcy Coordination Administrator to both the applicable bankruptcy trustee and the Office of the United States Trustee for the District in which the bankruptcy occurred providing notice of the Bankruptcy Claimant's Action, Anderson-Related Claim, and Allocated Share, and certify that the Bankruptcy Coordination Administrator received no response to such communications; upon the UM Defendants' receipt of that additional communication and the certification that the Bankruptcy Coordination Administrator received no response to the communication, the QSF Co- Administrators may distribute to the Bankruptcy Claimant 90% of that individual Bankruptcy Claimant's Allocated Share; and must continue to hold in escrow 10% of that individual Bankruptcy Claimant's Allocated Share.*

6. *If the Bankruptcy Coordination Administrator is unable to resolve a Bankruptcy Claimant's Bankruptcy Complications within twenty-four (24) months of the payment of the Settlement Amount, then: the Bankruptcy Coordination Administrator must provide to the UM Defendants copies of at least one additional written communication from the Bankruptcy Coordination Administrator to both the applicable bankruptcy trustee and the Office of the United States Trustee for the District in which the bankruptcy occurred providing notice of the Bankruptcy Claimant's Action, Anderson-Related Claim, and Allocated Share, and certify that the Bankruptcy Coordination Administrator received no response to such communications;*

*upon the UM Defendants' receipt of that additional communication and the certification that the Bankruptcy Coordination Administrator received no response to the communication, the QSF Co- Administrators may distribute to the Bankruptcy Claimant the remaining 10% of that Bankruptcy Claimant's Allocated Share. In all events, each individual Bankruptcy Claimant's executed Settlement Release must remain fully binding and enforceable."*

As the alleged Administrator, Archer has stalled, made alleged excuses, have as the date of this filing, never settled one alleged Bankruptcy matter, as dictated by the Court and their actions are the direct proximate cause of the Plaintiff's continued suffering.

Secondary, the Outside Counsel, of whom the Plaintiffs have never been afforded the opportunity to speak with, let alone be given a name or any relevant contact information of same, has led to additional questions from the Plaintiffs as to whom is paying for this Outside Counsel, as it is fact that not one Plaintiff has ever been contacted to approve such fees and are rightfully questioning as to if the Plaintiffs are going to be responsible for the Outside Counsel fees, and, if so, this would be a breach of contract between Plaintiffs and their respective Counsels, as there is nothing in those contracts that would at any time allow for the Plaintiffs to absorb the cost of same. Clearly, the Court is the one that needs to intervene in this particular issue for clarity purposes.

Emergency Hearing is being requested –

Plaintiff John Doe EB 17, incorporates the above as being factual, and further states that there is a need for an Emergency Hearing on this Motion, so that the Court can facilitate a proper ending to this matter, not the continually alleged "30-60-90 days" delays that have been made over and over and over again until it became full ad nauseum to the respective Plaintiffs, but for the Court to Order that ALL Distributions of this matter be immediately finalized and sent to the respective Plaintiffs within 30 days of the Hearing – as there is no literal reasoning left to delay these Distributions so that the Plaintiffs can move on with their lives –

No reasonable individual can ever claim that these delays in Distribution are good for the Plaintiffs, the Court, and the Defendants in this matter. No Case ever should have to be brought back to the Court, for this type of Emergency Hearing, as any reasonable individual would have at any time, needed to anticipate such delays and excuses, which are continuing to harm them as each passing day goes by.

Although Plaintiff John Doe EB-17 has been informed by his respective Counsel that these types of delays are becoming "common place" with any Personal Injury Lawsuit, Plaintiff John Doe EB-17 is challenging these comments, and is in need of Court Intervention to end this matter accordingly.

WHEREFORE, Plaintiff John Doe EB-17, Richard Goldman (as Goldman publicly outed himself at the Presser at the University of Michigan on or about June

11

19, 2021) – so his name is known to the outside world – hereby requests that the Court issue an Order that would immediately bring this matter to a close;

Order the immediate distribution of funds to the Plaintiffs (who nearly a year ago had their monetary funds approved by the Outside Mediators that gave their respective reports to individual Counsel, detailing all funds that the particular Plaintiff will be allocated), put an end to the Archer delays and excuses for not finalizing these alleged Bankruptcy matter(s);

Order that the alleged (unknown to any Plaintiff) fees of the Outside Counsel be paid in whole by Archer, or have individual Plaintiff Counsel absorb such fees, further ordering that NO Plaintiff shall be responsible for these alleged fees having commenced, as NO Plaintiff approved of, or was made aware of Outside Counsel being hired until the respective Plaintiff Counsel made the Plaintiffs aware of such by email;

Order that Archer Systems, refund all expenses that were paid by John Doe EB-17 (Richard Goldman) to the Pacer System (wherein Richard Goldman literally did the job of what Archer should have done, by investigating and sending to his own Counsel, as Archer refused to send to Counsel any and all relevant Bankruptcy information that was being alleged by Archer as fact);

And Order, that no later than 30-days from the Hearing on this Motion, all Distributions are to be released to respective Counsels for the Plaintiffs, so that such

funds can be given to the Plaintiffs accordingly, with no further delays, no further excuses;

And put this Matter to its final Bed so that the Plaintiffs affected can finally move on with their respective lives.

Respectfully submitted,

/s/ Richard Goldman
John Doe EB-17 – Richard Goldman
PRO SE for the Purpose of this Motion
4424 NW 113th Way
Coral Springs, Florida 33065
Telephone: (248) 228-6937
Richardgoldman33065@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that, on July 11, 2023, the foregoing Plaintiff John Doe EB-17 (Richard Goldman, Motion to Re-Open Case, Motion for Judicial Intervention and Emergency Motion For Hearing was served by Electronic Case Filing, and on the following who is not registered for Electronic Case Filing, by facsimile: (Attached Hereto as a Separate Sheet) as Certificate of Service to all listed Counsel –

/s/ Richard Goldman
John Doe EB 17 (Richard Goldman)
4424 NW 113th Way
Coral Springs, FL 33065
(248) 228-6937
Richardgoldman33065@gmail.com

# Attorneys

**Andrew P. Abood**
Abood Law Firm
246 E. Saginaw Street
Suite 100
East Lansing, MI 48823
517-332-5900
andrew@aboodlaw.com


**Sharon S. Almonrode**
The Miller Law Firm, P.C.
950 West University Drive
Suite 300
Rochester, MI 48307
248-841-2200
248-652-2852 (fax)
ssa@millerlawpc.com


**Daniel V. Barnett**
Grewal Law PLLC
801 Broadway Northwest
Suite 302
Grand Rapids, MI 49504
616-259-8463
517-393-3003 (fax)
dbarnett@4grewal.com

**Megan Bonanni**
Pitt, McGehee,
117 W. Fourth Street
Suite 200
Royal Oak, MI 48067-3804
248-398-9800
mbonanni@pittlawpc.com

**Keefe A. Brooks**
Brooks Wilkins Sharkey & Turco, PLLC
401 S. Old Woodward
Suite 400
Birmingham, MI 48009
248-971-1710
248-971-1801 (fax)
brooks@bwst-law.com

**Ruth Carol Carter**
RuthCarterLaw PLLC
1300 Broadway St
Suite 800
Detroit, MI 48226
313-610-2333
313-963-8500 (fax)
ruth.c.carter@gmail.com

**Andrew John Clopton**
Jones Day
150 West Jefferson
Suite 2100
Detroit, MI 48226-4438
313-733-3939
313-230-7997 (fax)
aclopton@jonesday.com

**Jackie J. Cook**
Novara Tesija Catenacci McDonald & Baas
888 W. Big Beaver Road
Ste. 600
Troy, MI 48084
248-354-0380
jcook@mikecoxlaw.com

**Stephen Joseph Cowen**
Jones Day
150 W. Jefferson Ave.
Suite 2100
Detroit, MI

313-234-7954
scowen@jonesday.com
**Michael A. Cox**
The Mike Cox Law Firm PLLC
17430 Laurel Park Drive North, Suite 120 E
Livonia, MI 48152
734-591-4002
734-591-4006 (fax)
mc@mikecoxlaw.com


**Matthew G. Curtis**
Sommers, Schwartz,
2000 Town Center
Suite 900
Southfield, MI 48075-1100
248-355-0300
248-746-4001 (fax)
mcurtis@sommerspc.com


**Stephen R. Drew**
Drew, Cooper & Anding
80 Ottawa Avenue NW, Suite 200
Grand Rapids, MI 49503
616-454-8300
sdrew@dca-lawyers.com


**Lisa M. Esser**
Sommers Schwartz, P.C.
One Towne Square
Ste 1700
Southfield, MI 48076
248-355-0300
lesser@sommerspc.com

**Stephen John Estey**
Estey & Bomberger, LLP
2869 India Street
San Diego, CA 92103
619-295-0035
619-295-0172 (fax)
steve@estey-bomberger.com

**Vince W Finaldi**
Manly, Stewart & Finaldi
19100 Von Karman Ave
Suite 800
Irvine, CA 92612
949-252-9990
vfinaldi@manlystewart.com

**Todd F. Flood**
Flood Law, PLLC
155 West Congress, Ste 603
Detroit, MI 48226
248-547-1032
248-547-0140 (fax)
tflood@floodlaw.com

**James F. Graves**
Sinas, Dramis, Brake, Boughton and McIntyre, P C
3380 Pine Tree Road
Lansing, MI 48911
517-394-7500
517-394-7510 (fax)
jimgraves@sinasdramis.com

**Manvir S. Grewal**
Grewal Law PLLC
2290 Science Parkway
Okemos, MI 48864
517-393-3000
517-393-3003 (fax)
mgrewal@4grewal.com

**Jonathon Kenneth Homa**
Sinas Dramis Law Firm
3380 Pine Tree Road
Lansing, MI 48911
517-394-7500
517-394-7510 (fax)
jonhoma@sinasdramis.com

**Vernon R Johnson**
Johnson Law, PLC
Buhl Building
535 Griswold Street, Suite 2632
Detroit, MI 48226
313-324-8300
313-324-8301 (fax)
vjohnson@venjohnsonlaw.com


**Robert J. Lantzy**
Buckfire & Buckfire
29000 Inkster Road
Ste. 150
Southfield, MI 48034
248-569-4646
robert@buckfirelaw.com


**John Manly**
Manly, Stewart & Finaldi
19100 Von Karman Ave
Suite 800
Irvine, CA 92612
949-252-9990
jmanly@manlystewart.com


**Jonathan R. Marko**
Marko Law
1300 Broadway
Suite 500
Detroit, MI 48236
313-777-7529
313-771-5785 (fax)
jon@markolaw.com

**Annika K. Martin**
Lieff Cabraser Heimann & Bern stein
250 Hudson Street
8th Floor
New York, NY 10013
212-355-9500
212-355-9592 (fax)
akmartin@lchb.com

**E. Powell Miller**
The Miller Law Firm
950 W. University Drive
Suite 300
Rochester, MI 48307
248-841-2200
epm@millerlawpc.com


**Dennis Mulvihill**
Wright & Schulte, LLC
31100 Pinetree Road
Suite 225
Ste 620
Pepper Pike, OH 44124
216-591-0133
216-591-0622 (fax)
dmulvihill@yourlegalhelp.com


**Stephanie E Parker**
Jones Day - Atlanta
1221 Peachtree Street NE
Suite 400
Atlanta, GA 30361
404-581-8552
separker@jonesday.com


**Michael L. Pitt**
Pitt, McGehee,
117 W. Fourth Street
Suite 200
Royal Oak, MI 48067-3804
248-398-9800
mpitt@pittlawpc.com


**Amanda K. Rice**
Jones Day
150 W. Jefferson Ave.
Suite 2100
Detroit, MI 48226
313-230-7926
313-230-7997 (fax)
arice@jonesday.com

**Alexander S. Rusek**
Foster, Swift, Collins & Swift, P.C.
313 S. Washington Square
Lansing, MI 48933
517-371-8153
arusek@fosterswift.com


**Angelle M. Rothis**
Rothis Law PC
1163 Hollywood Ave.
Grosses Pointe Woods, MI 48236
313-882-3029
313-447-4300 (fax)
arothis@rothislaw.com


**Joseph G. Sauder**
Sauder Schelkopf LLC
1109 Lancaster Avenue
Berwyn, PA 19312
610-200-0580
jgs@sstriallawyers.com


**Richard W. Schulte**
Wright & Schulte, LLC
865 S Dixie Dr
Vandalia, OH 45377-3016
937-435-7500
937-435-7511 (fax)
rschulte@yourlegalhelp.com


**Jonathan D. Selbin**
Lieff, Cabraser, Heimann & Bernstein LLP
250 Hudson Street
8th Floor
New York, NY 10013-1413
212-355-9500
jselbin@lchb.com

**Ashley Dailey Shea**
Shea Law Firm PLLC
26100 American Dr.
Ste Second Floor
Southfield, MI 48034
248-354-0224
ashley.shea@sadplaw.com


**David Shea**
Shea Law Firm PLLC
26100 American Dr.
2nd Floor
Southfield, MI 48034
248-354-0224
david.shea@shealawpllc.com

**Sarah Shea**
Shea Law Firm, PLLC
26100 American Dr.
Ste 2nd Fl
Southfield, MI 48034
248-354-0224
sarah.shea@sadplaw.com


**Kevin G. Simowski**
Flood Law PLLC
Prosector's Office
155 W. Congress St.
Ste 603
Detroit, MI 48226
248-547-1032
ksimowski@floodlaw.com


**Parker G. Stinar**
Wahlberg, Woodruff, Nimmo & Sloane, LLP
4601 Dtc Blvd Ste 950
4601 Dtc Blvd Ste 950
Denver, CO 80237-2592
303-571-1806
parker@denvertriallawyers.com

**Adam C. Sturdivant**
Drew, Cooper and Anding
Aldrich Place
80 Ottawa NW
Suite 200
Grand Rapids, MI 49503
616-454-8300
616-454-0036 (fax)
asturdivant@dca-lawyers.com


**Michelle Tuegel**
Simpson Tuegel Law Firm
3611 Swiss Ave
Unit 200
Dallas, TX 75204
214-774-9121
michelle@stfirm.com

**Thomas W. Waun**
10683 S. Saginaw Street
Suite D
Grand Blanc, MI 48439
810-695-6100
twaun@venjohnsonlaw.com

**James White**
2549 Jolly Road, Suite 340
Okemos, MI 48864
517-316-1195
517-316-1197 (fax)
jameswhite@whitelawpllc.com

**Jack Williams, Jr**
Jones Day – Atlanta, GA
1221 Peachtree Street NE
500 Colony Square
Atlanta, Suite 400
Atlanta, GA 30361
404-581-8678
jmwilliams@jonesday.com

**Michael L Wright**
Wright & Schulte, LLC
130 W. Second St.
Suite 1600
Dayton, OH 45402
937-222-7477
937-222-7911 (fax)
mwright@yourohiolegalhelp.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

John Doe MC-1,

     Plaintiff,

v.

The University of Michigan, the
Regents of The University of Michigan,

     Defendants.

Case No. 2:20-cv-10568-VAR-EAS

**Master Case Filing**

Hon Victoria A. Roberts
Magistrate Judge Elizabeth A. Stafford

---

## ORDER ON PLAINTIFF JOHN DOE EB-17 (RICHARD GOLDMAN) MOTION TO RE-OPEN CASE; MOTION FOR JUDICIAL INTERVENTION; EMERGENCY MOTION FOR HEARING

This cause, having come before the Court on _____, 2023 on the:

a)  Motion to Reopen Case

b)  Motion for Judicial Intervention

c)  Immediate Distribution of funds to the Plaintiff(s) as Ordered on November 11, 2022

d)  All alleged (unknown to any Plaintiff) fees of the Outside Counsel be paid in whole by Archer, and/or have individual Plaintiff Counsel absorb such fees, and that NO Plaintiff shall be responsible for these alleged fees

e)  That Archer Systems, refund all expenses that were paid by John Doe EB-17 (Richard Goldman) to the Pacer System

f)  That no later than 30-days from the Hearing on this Motion, all Distributions are to be released to respective Counsels for the Plaintiffs

1

and the Court having reviewed such Motion during the Hearing presented,
hereby Orders the Following:

_____

_____

_____

_____

_____

_____

DONE AND ORDERED in Chambers at _____, _____ Michigan, this
_____ day of _____, 2023.

_____

Victoria A. Roberts
Judge United States District
Court for the Eastern District
of Michigan – Southern
Division